## STATE OF FLORIDA v TUCCIO

Case No. 88-2751

County Court, Flagler County

August 25, 1988

### APPEARANCES OF COUNSEL

**Dave Morgan,** Assistant State Attorney, for plaintiff.

**Flem K. Whited,** for defendant.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

THIS CAUSE came on to be heard on the Defendant's Motion to

Suppress, counsel for the parties being present, and having heard the evidence and argument of counsel and being otherwise fully advised in the premises, the following opinions and order is entered:

## I. Statement of the Facts:

1. The defendant was lawfully arrested for D.U.I. Three chemical tests were administered to the defendant to wit: 1:23 a.m.; 1:28 a.m. and 1:36 a.m., with the results being .11, .20 and .20 respectively.

2. HRS form 1031 provides for the giving of two (2) tests within five minutes of each other and a third test, if the two results are not within +0.025 of each other. The rule does not specifically provide the time lapse between the second and third test. In the case before the court the first two tests were five (5) minutes apart, the third test was given eight (8) minutes after the second test and the result was the same as the second test.

## LAW

As pointed out in *State v Salisbury,* 24 Fla.Supp.2d 99 (Volusia Cty. Ct. 1987), Dr. Richard E. Jensen, a recognized expert in the field of chemical testing procedure testified that a third test would narrow the margin if discrepancies between the first two tests if the third test was within 0.02% of either tests. Here the third test was the same as the second test. But Dr. Jensen did not address the question of how soon the third test should be given. Neither does the rule or the form. (HRS Form 1033).

This Court will not change, alter, modify or amend the rule by adding the requirement that each test, no matter how many, should be taken within five (5) minutes of each other.

As the rule is now written the State has substantially complied with the rule.

It is a question for the jury as to the reliability and accuracy of the breath testing machine in view of the bizarre results of the test.

IT IS THEREFORE

ORDERED AND ADJUDGED that the Defendant's Motion to Suppress is hereby denied.

DONE, ORDERED AND ADJUDGED in Bunnell, Flagler County, Florida this 25th day of August, 1988.